UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>– against –<br><br>EARL DAVIS,<br><br>                         Defendant. | STATEMENT OF REASONS FOR SENTENCE PURSUANT TO 18 U.S.C. § 3553(c)(2)<br><br>15-CR-382 |



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 29 2017 ★
BROOKLYN OFFICE

JACK B. WEINSTEIN, Senior United States District Judge:

**Table of Contents**

I. Introduction .................................................................................................................... 1
II. Instant Offense ................................................................................................................ 2
III. Guilty Plea ...................................................................................................................... 2
IV. Sentencing Hearing ......................................................................................................... 3
V. Offense Level, Criminal History Category, and Sentencing Guidelines Range ............ 3
VI. Law .................................................................................................................................. 3
VII. 18 U.S.C. § 3553(a) Considerations ............................................................................... 4
VIII. Sentence ........................................................................................................................... 5

I. Introduction

Defendant pled guilty to one count of conspiracy to distribute and possess with intent to distribute heroin pursuant to 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C). He participated in a drug trafficking organization ("DTO") to distribute heroin in Queens, New York. Several other defendants have been sentenced, one is awaiting sentencing, and two are awaiting trial in the above-captioned case.

On August 7, 2017 Davis was sentenced to 60 months of custody, three years of supervised release, and a $100 special assessment. *See* Aug. 7, 2017 Hr'g Tr.

1

## II. Instant Offense

Davis is a 51-year old man. Presentence Investigation Report ("PSR") at 2. An investigation commenced by Homeland Security Investigation ("HSI") and other law enforcement agencies in 2013 revealed that Mr. Davis, together with Kamel Lambus, Stanley Fuller, Shavona Trappier, Shakeem Powell, Sean Brabram, Scott Williams, Tyrone Thomas, Andre Mitchell, Henry Curry, Michael Scott, and Tyran Trotter ("defendants"), was participating in a street gang called Paper Chasing Goons. *Id* at ¶ 4. The investigation revealed that the drug trafficking organization ("DTO") maintained access to narcotics and firearms; some of its members distributed heroin to a network of drug traffickers who then sold it to customers. *Id.* at ¶¶ 4-6. Defendants sold heroin from several stash houses, and during the course of the investigation, it was determined that a mobile telephone was used to distribute heroin to the DTO's customers. *Id.*

Davis was arrested on July 8, 2015 in Queens. *Id.* at ¶ 9. He sold heroin to a confidential source on a few occasions. *Id.* at ¶¶ 11-12. He did not possess or use a firearm. *Id.* at ¶ 13. He was essentially an independent drug dealer who obtained his product from the DTO—he "did not supervise others or take direction from anyone." *Id.* at ¶ 14. As a lifelong addict, he was a "taste tester" for the DTO's product. He used it before it was widely distributed to ensure its quality. Aug. 7, 2017 Hr'g Tr.

## III. Guilty Plea

On December 23, 2016, Davis pled guilty to a lesser-included offense of Count One of a two-count indictment: conspiracy to distribute and possess with intent to distribute heroin pursuant to 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C). PSR at ¶ 1. The offense carries a maximum term of imprisonment of 20 years. 21 U.S.C. § 841(b)(1)(C). A special assessment of

$100 is mandatory. 18 U.S.C. § 3013. The statutory provisions and Sentencing Guidelines impose a mandatory term of supervised release of three years. 21 U.S.C. § 841(b)(1)(C); U.S.S.G. § 5D1.2(c). The underlying indictments are dismissed. Aug. 7, 2017 Hr'g Tr.

## IV. Sentencing Hearing

On August 7, 2017, the court conducted a sentencing hearing. *See* Aug. 7, 2017 Hr'g Tr. The proceedings were videotaped to record courtroom atmosphere, as well as some of the subtle factors and considerations that a district court must consider in imposing a sentence. *See* 18 U.S.C. § 3553(a); *In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

## V. Offense Level, Criminal History Category, and Sentencing Guidelines Range

Defendant's base offense level is 30, with a criminal history category of VI. *See* PSR at ¶¶ 58, 88-89. The offense level is enhanced by two because defendant is a "career offender." U.S.S.G. § 4B1.1(a)-(b). The offense level was decreased by three points for accepting responsibility and for informing the government in a timely manner that he intended to plead guilty. PSR at ¶¶ 65-66; U.S.S.G. § 3E1.1(a)-(b). He was given a two point decrease for having a minor participant in the conspiracy. Aug. 7, 2017 Hr'g Tr; U.S.S.G. § 3B1.2(b). The adjusted total offense level is 27. The guideline imprisonment range is 130 to 162 months.

## VI. Law

In *United States v. Booker,* the Supreme Court held that the guidelines are advisory, thereby allowing a departure by the sentencing court when a departure is in the interest of justice in light of the statutory concerns expressed in section 3553(a). *United States v. Booker,* 543 U.S. 220, 245-46 (2005); *see also United States v. Cavera,* 550 F.3d 180, 189 (2d Cir. 2008) (en banc) ("It is now, however, emphatically clear that the Guidelines are guidelines—that is, they are truly

advisory. A district court may not presume that a guidelines sentence is reasonable; it must instead conduct its own independent review of the sentencing factors, aided by the arguments of the prosecution and defense.").

In view of the excessive incarceration rates in the recent past and their unnecessary, deleterious effects on individuals sentenced, society, and our economy, parsimony in incarceration is prized. *See, e.g.,* 18 U.S.C. § 3553(a) ("The court shall impose a sentence sufficient, but not greater than necessary."); National Research Council of the National Academies, *The Growth of Incarceration in the United States, Exploring Causes and Consequences,* 8 (2014) ("*Parsimony*: the period of confinement should be sufficient but not greater than necessary to achieve the goals of sentencing policy.").

## VII. 18 U.S.C. § 3553(a) Considerations

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Davis was born and raised in modest economic but good intellectual circumstances. PSR at ¶¶ 95-96. His father was a dietician and his mother was an esthetician. *Id.* at ¶ 95. His parents divorced when he was 9 years old; both remarried, and he had good relationships (and financial support) from both his parents and step-parents. *Id.* at ¶¶ 96-97. He has never been married or fathered any children. *Id.* at ¶ 100. His last romantic relationship ended when he started using heroin again. *Id.*

Davis is in adequate physical health. He fractured his elbow during his arrest for the instant offense. *Id.* at ¶ 103. He also has scoliosis and leg pain. *Id.* at ¶ 104. Defendant has no history of mental or emotional health problems, although he has received sex offender treatment in the past. *Id.* at ¶ 105.

Davis began using heroin at age 13. *Id.* at ¶ 106. He has been addicted to the drug ever since, although he has had long periods of sobriety before relapsing. *Id.* Defendant dropped out of school in ninth grade—after being class president the year prior—once he began using heroin. *Id.* at ¶ 112. He obtained a GED in 1991. *Id.* at ¶ 111. He does not have an extensive employment history, working a variety of low-paying odd jobs. *Id.* at ¶¶ 113-15. He has no assets. *Id.* at ¶¶ 118-19.

The defendant has a long criminal history—over a dozen convictions spanning thirty years. *Id.* at ¶¶ 70-85. While some of the convictions are consistent with economic desperation and addiction (*e.g.* criminal possession of a controlled substance in the 7th degree (*id.* at ¶ 80); petit larceny (*id.* at ¶¶ 84-85)), others have been violent, including rape and robbery at gunpoint. *Id.* at ¶ 70. Since the age of 18, he is a convicted sex offender with lifetime restrictions, *Id.*

## VIII. Sentence

Though the defendant's addiction is responsible for much of his illicit conduct, this defendant's long criminal history evinces a limited capacity for rehabilitation. The court must sentence the defendant as he is today; a long-term drug addict, recidivist.

He is sentenced to 60 months in custody and three years of supervised release. A $100 special assessment is imposed. No fine is assessed because of lack of ability to pay. It is recommended he be placed in a prison in the New York metropolitan area so he can maintain ties to his family. While on supervised release, he shall be subject to the conditions specified in subsections (a), (c), and (d) in section 5D1.3 of the sentencing guidelines and other special conditions, as specified at the sentencing hearing. Aug. 7, 2017 Hr'g Tr. Drug treatment shall be provided.

SO ORDERED.

_Jack B. Weinstein_
Jack B. Weinstein
Senior United States District Judge

Date: August 10, 2017
Brooklyn, New York